## WM. A. CRIDER v. PETER SMITH, &c.

**Bills and Notes—Action Against Assignor—Answer—Demurrer.**

    The answer states that the appellant received no consideration for the assignment, but made it at the request of the parties. That Smith knew the land, for which the note was executed, belonged to Crider; that Crider was to perform the covenant in the deed in regard to fence. **Held,** That the answer is not sufficient because the law implies a liability on the part of the assignor to pay the consideration received by himself or third person, in the event that the note, when assigned, was paid off, or not collectable by reason of an equitable set-off.

### APPEAL FROM OLDHAM CIRCUIT COURT.

February 6, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The demurrer to the answer of the appellant was properly sustained. The answer states in substance, that the appellant received no consideration for the assignment, but made it at the request of the parties. That Smith knew the land for which the note was executed belonged to Edward Crider, and that the latter owned the note; that he also knew that Edward Crider was to perform the covenant in the deed in regard to the building of the fence. These allegations may all be true and upon the demurrer be so held and still the appellant is liable on his assignment. If, by reason of this assignment, the consideration for the note passed to Edward Crider or to a third person, it renders the assignor as responsible as if he had received the money. The law implies a liability on the part of the assignor to pay the consideration received by himself or a third person in the event the note when assigned was paid off, or any part of it, or when it could not be collected by reason of good or equitable set-offs against it by the obligors. There is no allegation in the answer that W. A. Crider by an agreement between the parties was not to be held liable as assignor. The note was payable to him— he assigns it—the consideration was paid to Edward Crider, and it may be that the appellee required appellant's name in the note before he would part with his money. This could be the

presumption of law on the facts presented in the answer. The appellant may not have received one dollar himself, but if Edward Crider did, by reason of this assignment, he is liable unless there was an agreement by which he was not to be held as assignor. There is no exception to the reading of the record in the Louis-ville chancery court. It was made part of the original petition and the allegations in regard to the result of that suit, are not denied in the answer. Smith and wife are both plaintiffs in the court below, and the benefit of the judgment passing to the wife is no cause of complaint on the part of appellant, and besides no exception was made or taken upon this point in the court below. The judgment, however, is for too much. The record of the suit from Jefferson shows that the obligors in the note received a credit for a note of $100 held on Smith. This amount should have been a credit on the judgment of the date of the note. The judgment of the court below is reversed and cause remanded for further proceedings consistent herewith.

*Rodman, DeHaven, for appellant.*
*Lee & Rodman, Carroll, for appellees.*